UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MURIKA K. MATZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> VISIER, INC., a foreign corporation, <br><br> Defendant. | CASE NO. 2:23-cv-01815-JHC <br><br> **ORDER RE: DEFENDANT'S MOTION TO DISMISS** |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6). Dkt. # 7. The Court has considered the materials submitted by the parties in support of and in opposition to the motion, the rest of the case file, and the applicable law. Being fully advised, the Court GRANTS the motion.

**II**

**DISCUSSION**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant seeks dismissal of these claims: harassment (i.e., hostile work environment) based on disability, harassment based on age, defamation/slander, and tortious interference with business expectancy. Plaintiff concedes that the disability claim should be dismissed. Dkt. # 10 at 1.

1. Harassment Based on Age

For the reasons argued by Defendant, the complaint fails to state a claim for age-based hostile work environment. The complaint alleges no such harassment; for example, it does not allege any age-based comment or facts from which to infer that Defendant's conduct affected the terms or conditions of her employment. *Cf. Estevez v. Fac. Club of Univ. of Wash.*, 129 Wash. App. 774, 794, 120 P.3d 578 (2005).

2. Defamation/Slander

For the reasons argued by Defendant, the complaint fails to state a claim for defamation. It does not allege any false and defamatory statement. *See Stiles v. Kearney*, 168 Wash. App. 250, 262, 277 P.3d 9 (2012).

3. Tortious Interference with Business Expectancy

For the reasons argued by Defendant, the complaint fails to state a claim for tortious interference with business expectancy. It does not allege facts to support the first through fourth

elements of the tort. *See Greensun Group, LLC. v. City of Bellevue*, 7 Wash. App. 754, 767-68, 436 P.3d. 397 (2019). Perhaps most critically, it fails to allege any act of interference. *Id.* at 768, 71-72.

### III

#### CONCLUSION

For the above reasons, the Court GRANTS the motion and DISMISSES without prejudice Plaintiff's claims for harassment (i.e., hostile work environment) based on disability, harassment based on age, defamation/slander, and tortious interference with business expectancy. The Court GRANTS Plaintiff leave until March 15, 2024, to file an amended complaint that brings again any of the claims dismissed herein. If Plaintiff wishes to assert a cause of action not asserted in her original complaint, then she will need to move for leave to amend her pleading.

DATED this 22nd day of February, 2023.

JOHN H. CHUN
United States District Judge